UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-115 |
| | ) | (VARLAN/SHIRLEY) |
| EDGAR ROSAS-JIMINEZ, | ) | |
| RIGOBERTO ROSAS-JIMINEZ, and | ) | |
| RAMIRO GOMEZ, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court pursuant to Defendant Rigoberto Rosas-Jiminez's Motion to Continue Trial Date and Reset Deadlines [Doc. 36] filed on October 14, 2009. The parties appeared before the undersigned on October 22, 2009, for a hearing on the motion to continue. Assistant United States Attorney David Lewen was present on behalf of the Government. Attorney Gerald Gulley appeared on behalf of Defendant Rigoberto Rosas-Jiminez. Attorney Michael Whalen appeared on behalf of Defendant Gomez. Attorney Michael McGovern appeared on behalf of Defendant Edgar Rosas-Jiminez. All three Defendants were also present.

Defendant Rigoberto Rosas-Jiminez asks the Court to continue the motion filing deadline, the plea negotiation deadline, the pretrial conference date, and the trial date because he filed a Motion to Suppress Evidence and Memorandum in Support [Docs. 34 and 35] on October 14, 2009.

1

The motion to continue states that it is unlikely that the Court could dispose of the pending suppression motion before the scheduled trial date of November 3, 2009. The motion further states that Defendant Rigoberto Rosas-Jiminez and Attorney Gulley will require additional time to prepare for trial in light of the Court's ultimate ruling on the suppression motion. At the October 22 hearing, Attorneys Whalen and McGovern stated that their clients, Defendants Gomez and Edgar Rosas-Jiminez, had no objection to the motion to continue. The Government also had no objection. Defense counsel all stated that their clients were aware of their speedy trial rights. Defense counsel also stated that they had discussed the need for a trial continuance with their clients and that all of the Defendants wanted the trial to be continued. The parties agreed on a new trial date of March 15, 2010. The parties also agreed that all time between the October 22, 2009 hearing and the new trial date of March 15, 2010 is fully excludable time under the Speedy Trial Act.

The Court finds that Defendant Rigoberto Rosas-Jiminez has shown good cause to continue the motion filing deadline, the plea negotiation deadline, and the pretrial conference. The Court **ORDERS** that the motion filing deadline be extended to **November 20, 2009**, and the motion response deadline be set as **December 4, 2009**; the plea negotiation deadline be extended to **March 1, 2010**; and the pretrial conference be reset for **February 15, 2010, at 9:30 a.m.**, before the undersigned.

The Court also finds that Defendant Rigoberto Rosas-Jiminez's request to continue the trial is well-taken and that the ends of justice served by continuing the trial outweigh the best interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Defendant Rigoberto Rosas-Jiminez has filed a Motion to Suppress Evidence [Doc. 34] and he desires to have this motion heard and resolved before trial. 18 U.S.C. § 3161(h)(1)(D). Following this suppression hearing and

2

the filing of any supplemental briefs if permitted, the Court will need time, not to exceed thirty days, to prepare a report and recommendation on the motions. <u>See</u> 18 U.S.C. § 3161(h)(1)(H). The parties will then need time to file any objections to the recommendations of the undersigned, and the District Court will need a reasonable time to rule upon those objections. Finally, the parties will need time to prepare for trial in light of the ultimate rulings on the motions. The Court finds that all of this could not take place before the November 3, 2009 trial date or in less than five months. Thus, without a trial continuance, counsel for Defendant Rigoberto Rosas-Jiminez and counsel for the Government would not have the reasonable time necessary to prepare for trial despite their use of due diligence. <u>See</u> 18 U.S.C. § 3161(h)(7)(B)(iv).

Further, the Court finds that the substitution of counsel for Defendant Edgar Rosas-Jiminez that occurred on October 22, 2009, also necessitates a trial continuance. Attorney McGovern will need time to familiarize himself with this case, to review the discovery, and to decide whether to file any motions on behalf of Defendant Edgar Rosas-Jiminez. Attorney McGovern will also need adequate time to prepare for trial. The Court finds that all of this could not take place before the November 3, 2009 trial date. Without a continuance, Attorney McGovern would not have the reasonable time necessary to prepare for trial despite his use of due diligence. <u>See</u> 18 U.S.C. § 3161(h)(7)(B)(iv).

Finally, the Court finds that, because there has been no severance of the three co-Defendants in this case, continuing the trial for the reasons set forth above does not impinge upon the speedy trial rights of Defendant Gomez. "A reasonable period of delay when [a] defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted" shall be excluded in computing the time within which the defendant's trial must commence.

3

18 U.S.C. § 3161(h)(6). In short, time excludable under the Speedy Trial Act as to one defendant is also excludable as to all co-defendants. United States v. Holyfield, 802 F.2d 846, 847-48 (6th Cir. 1986). Unlike some periods of delay that are automatically excluded under the Act, delay caused by joinder with a co-defendant must be reasonable. Henderson v. United States, 476 U.S. 321, 327 (1986). The Court of Appeals for the Sixth Circuit has held that courts should be guided by the policies supporting the enactment of section 3161(h)(6) when assessing the reasonableness of a delay attributable to co-defendants:

> "The legislative history of this section demonstrates a strong Congressional preference for joint trials and an intention that delays attributable to the joinder of defendants be liberally excluded. Further, the purpose of this section is to insure that the Speedy Trial Act does not alter the present rules governing severance of co-defendants by forcing the government to prosecute the defendants separately or be subject to a speedy trial dismissal motion."
>
> United States v. Monroe, 833 F.2d 95, 100 (6th Cir. 1987) (citations omitted).

The Court of Appeals determined that Congress expressly favored the efficiency and economy of multi-defendant trials over the speed that would result from a severance. See id.

In this case, Defendant Gomez stands indicted [Doc. 12] with Defendant Rigoberto Rosas-Jiminez and Defendant Edgar Rosas-Jiminez, and no motion for severance has been filed. Accordingly, any delay attributable to Defendants Rigoberto Rosas-Jiminez and Edgar Rosas-Jiminez is presently excludable as to Defendant Gomez as long as it is reasonable. See 18 U.S.C. § 3161(h)(6); see also United States v. Snelling, 961 F.2d 93, 95 (6th Cir. 1991) (holding that excludable time attributed to codefendants before the defendant was severed from the case was also attributable to the defendant). The Court found, *supra*, that a continuance of the November 3, 2009 trial date was necessary to give defense counsel for Defendants Edgar Rosas-Jiminez and Rigoberto

4

Rosas-Jiminez adequate time to prepare for trial. The Court now finds that the five-month delay of trial attributable to Defendants Edgar Rosas-Jiminez and Rigoberto Rosas-Jiminez is reasonable given the history of the case.

Accordingly, Defendant Rigoberto Rosas-Jiminez's Motion to Continue **[Doc. 36]** is **GRANTED.** The Court **ORDERS** that the trial be continued and reset to commence on **March 15, 2010**. The Court finds that all the time between the October 22, 2009 hearing and the new trial date of March 15, 2010 is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(7)(A)-(B), (h)(1)(D), and (h)(6). With regard to other scheduling in the case, the hearing on Defendant Rigoberto Rosas-Jiminez's Motion to Suppress Evidence **[Doc. 34]** is set for **December 18, 2009, at 10:00 a.m.**, before the undersigned.

It is **ORDERED**:

(1) The motion filing deadline is extended to **November 20, 2009** and the motion response deadline is set as **December 4, 2009**;

(2) The pretrial conference before the undersigned is reset for **February 15, 2009, at 9:30 a.m.**;

(3) The plea negotiation deadline is extended to **March 1, 2010**;

(4) The trial of this matter is reset to commence on **March 15, 2010**, before the Honorable Thomas A. Varlan, United States District Judge;

(5) All time between the **October 22, 2009** hearing and the new trial date of **March 15, 2010** is fully excludable time under the Speedy Trial Act for the reasons set forth herein; and

5

(6) The hearing on Defendant Rigoberto Rosas-Jiminez's Motion to Suppress Evidence **[Doc. 34]** is set for **December 18, 2009, at 10:00 a.m.**, before the undersigned.

**IT IS SO ORDERED.**

ENTER:


    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge